UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JERALD THOMAS,                           )
                                         )
            Plaintiff,                   )   Case No. 1:08-cv-574
                                         )
v.                                       )   Honorable Robert J. Jonker
                                         )
DAVID A. KOMJATHY et al.,                )
                                         )
            Defendants.                  )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner under to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants David A. Komjathy and the Michigan Department of Corrections. The Court will serve the complaint against Defendants Deborah Cary and Terry L. Arnold, II.

**Discussion**

    I.      Factual allegations

Plaintiff is currently incarcerated at Standish Maximum Correctional Facility serving a term of incarceration of 1 to 20 years for delivery or manufacture of cocaine in an amount less than 50 grams in violation of MICH. COMP. LAWS § 333.7401(2)(a)(iv). He brings this suit against the Michigan Department of Corrections, Doctor David Komjathy, and Nurses Deborah Cary and Terry L. Arnold, II. Plaintiff makes no allegations against Defendant Komjathy. Plaintiff alleges that Defendant Cary sexually harassed him and filed a false major misconduct ticket against him in order to prevent him filing a lawsuit for failure to properly treat his liver condition. (Complaint at 7.) Plaintiff alleges that Defendant Arnold conspired with Defendant Cary to have him improperly and illegally transferred to another facility despite his medical conditions. (*Id.* at 7-8.)

Plaintiff seek monetary damages in the amount of $500,000.00 from each of Defendants Komjathy, Cary and Terry. Plaintiff further seeks "nominal damages, compensatory damages, and punitive damages $500,000.00 in all three" against those Defendants. Plaintiff also requests the MDOC to send him to see a specialist to treat his liver condition, "expunge the fabricated ticket" and have his security level reduced. (*Id*. at 8-9.)

    II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     MDOC

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

### B.     Defendant Komjathy

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich 1991). Plaintiff fails to even mention Defendant Komjathy in the body of his complaint.[1] His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

---

[1] Plaintiff does make vague allegations that an unnamed "MSP" (Medical Services Provider) at "JMF," the Southern Michigan Correctional Facility, wasn't taking his blood every two weeks to properly treat Plaintiff's liver condition. (Compl. at 6-7.) However, Plaintiff states that Defendant Komjathy was employed at Ionia Maximum Correctional Facility. (*Id.* at 1-2.) Therefore, those allegations do not refer to Defendant Komjathy.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants David A. Komjathy and the Michigan Department of Corrections will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Deborah Cary and Terry L. Arnold, II.

An Order consistent with this Opinion will be entered.


Dated:      July 11, 2008                       /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE